# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  **v.**                                                                           Case No. 11-CR-2

**DAMONE KEY**
    **Defendant.**

## DECISION AND ORDER

Defendant Damone Key moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons that follow, I will hold his motion in abeyance pending action by the Supreme Court on the petition for a writ of certiorari filed in United States v. Thacker, 21-877.

### I. BACKGROUND

On April 1, 2011, defendant pleaded guilty to three counts of Hobbs Act robbery, 18 U.S.C. § 1951, and two counts of discharging a firearm during a crime of violence, 18 U.S.C. § 924(c). On July 15, 2011, I sentenced him to a total of 480 months in prison: 60 months on each of the Hobbs Act counts, running concurrently with each other; 120 months on the first § 924(c) count, running consecutively; and 300 months on the second § 924(c) count, running consecutively. In imposing this sentence, I followed the rule at the time requiring that an additional § 924(c) conviction obtained in the same proceeding be treated as a "second or subsequent" conviction mandating a 25 year consecutive sentence.

Defendant filed a notice of appeal, but his lawyer moved to withdraw under Anders v. California. The Seventh Circuit dismissed the direct appeal as frivolous. United States v. Key,

468 Fed. Appx. 633 (7th Cir. 2012).

In 2014, defendant filed a collateral attack under 28 U.S.C. § 2255, arguing that his sentence violated Alleyne v. United States, 570 U.S. 99 (2013); that under the rule of lenity the charging of two § 924(c) counts in a single indictment should not trigger the 25 year sentence required for second or subsequent § 924(c) convictions; that his two § 924(c) convictions violated his rights under the Double Jeopardy Clause; and that his trial and appellate lawyers provided ineffective assistance by failing to raise these arguments. I rejected defendant's arguments and dismissed the collateral attack. Key v. United States, No. 14-C-881 (E.D. Wis. July 24, 2014); see Deal v. United States, 508 U.S. 129 (1993) (rejecting challenge to the "stacking" provision in § 924(c) based on the rule of lenity).

On September 7, 2021, defendant filed a request to appoint counsel to assist with a compassionate release motion. (R. 66.) I referred the matter to Federal Defender Services ("FDS") for review, pursuant to the court's standing order regarding First Step Act motions. (R. 67.) On October 26, 2021, FDS indicated it would be filing a supplemental motion. (R. 69.) No supplement was filed, and on January 11, 2022, defendant filed his own pro se motion, arguing for compassionate release based on the First Step Act's change to the "stacking" rule for § 924(c) convictions. (R. 70.)

On January 13, 2022, I issued an order directing FDS to advise the court, on or before January 20, 2022, whether it still intended to file something on defendant's behalf. (R. 71.) Nothing was filed. On February 23, 2022, defendant filed a notice of change of address (R. 72), and on March 7, 2022, he filed a letter inquiring about the status of his motion (R. 73). Defendant is now serving his sentence at USP Thomson, with a projected release date of 4/7/2048.

2

## II.  DISCUSSION

A.  **Compassionate Release Standards**

Section 3582(c)(1)(A) authorizes the district court to grant what is commonly known as "compassionate release."  The statute provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

A defendant seeking release must first make a request to the warden before applying to the court.  If this "exhaustion" requirement is satisfied, see United States v. Sanford, 986 F.3d 779, 781 (7th Cir. 2021), the defendant must then demonstrate an "extraordinary and compelling" reason warranting a reduction in his sentence.  If the defendant shows such a reason, the court must determine whether, under the applicable 18 U.S.C. § 3553(a) factors, the sentence should be reduced.  See United States v. Thacker, 4 F.4th 569, 576 (7th Cir. 2021), petition for cert. filed, No. 21-988 (U.S. Dec. 10, 2021).

The statute does not define the term "extraordinary and compelling reasons."  Rather, Congress instructed the Sentencing Commission, in promulgating general policy statements regarding the sentence modification provisions in § 3582(c)(1)(A), to describe what should be

3

considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. See 28 U.S.C. § 994(t).[1] The Commission's policy statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)  (A) extraordinary and compelling reasons warrant the reduction . . .
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary to the policy statement indicates that extraordinary and compelling reasons exist under these circumstances:

> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,

---

[1] Congress did state that: "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Id.

4

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Commission has not updated the policy statement, which purports to require a motion from the director of the Bureau of Prisons, see U.S.S.G. § 1B1.13 cmt. n.4, since the passage of the First Step Act, which allowed defendants to bring their own motions. Accordingly, "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of §3582(c)(1)(A) does not curtail a district judge's discretion." United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020); see also United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

5

If the court decides that extraordinary and compelling reasons have been shown, it must also consider the applicable § 3553(a) factors to determine whether the sentence should be modified. See United States v. Saunders, 986 F.3d 1076, 1078 (7th Cir. 2021) ("Because of the importance of the § 3553(a) factors, courts are not compelled to release every prisoner with extraordinary and compelling health concerns."). In some cases, a court may find that the relevant § 3553(a) factors outweigh the extraordinary and compelling reasons warranting compassionate release and/or that release would undermine the goals of the original sentence. United States v. Bartlett, No. 06-CR-273, 2020 U.S. Dist. LEXIS 101393, at *13-14 (E.D. Wis. June 9, 2020).

**B.     Defendant's Motion**

   **1.     Exhaustion**

In his original letter, defendant indicated that he wanted to file for compassionate release soon after his administrative remedy process was exhausted. (R. 66 at 2.) Giving him the benefit of the doubt, I will at this point assume he has exhausted.

   **2.     Extraordinary and Compelling Reasons**

In his motion, defendant notes that in the First Step Act Congress eliminated the "stacking" provision in § 924(c). Now, the 25 year sentence for recidivists applies to a violation of § 924(c) occurring after a prior conviction under § 924(c) has become final. (R. 70 at 2.) Defendant notes that a number of courts have held that, while Congress did not make this change retroactive, it may constitute an extraordinary and compelling reason for sentence modification on a case-by-case basis under § 3582(c). (R. 70 at 2-4.)

The Seventh Circuit has rejected this approach. See Thacker, 4 F.4th at 571 ("Given

6

Congress's express decision to make the First Step Act's change to § 924(c) apply only prospectively, we hold that the amendment, whether considered alone or in connection with other facts and circumstances, cannot constitute an 'extraordinary and compelling' reason to authorize a sentencing reduction."). The Seventh Circuit explained that while a district judge may consider the First Step Act's amendment to § 924(c) in determining the length of the warranted reduction, the court must first find some independent "extraordinary or compelling" reason. Id. at 575.

Defendant presents no other reasons for compassionate release here. Accordingly, his motion fails under Thacker.

A petition for writ of certiorari has been filed in Thacker. Per the Court's docket, the matter has been fully briefed and distributed for conference on March 18, 2022. Under the circumstances, rather than denying defendant's motion, I elect to hold it in abeyance pending the Court's decision.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion is held in abeyance.

Dated at Milwaukee, Wisconsin, this 16th day of March, 2022.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge